**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                               PLAINTIFF

v.                                            No. 4:05CR00236 JLH

CLIFFORD K. LAFLEUR                                                                                    DEFENDANT

**ORDER**

Clifford K. LaFleur entered a plea of guilty to two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). On August 2, 2006, the Court sentenced LaFleur to a term of imprisonment for 96 months on each count to run concurrently to each other and to run consecutively to the undischarged term of imprisonment in the Arkansas Department of Correction followed by a term of three years of supervised release. LaFleur did not appeal.

On March 2, 2009, LaFleur filed a motion to abolish supervised release in which he says that the Court has jurisdiction for review pursuant to 18 U.S.C. § 3742(a)(1), which provides:

> **(a) Appeal by a defendant.—** A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence –
> (1) was imposed in violation of law; . . . .

In *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993), the Eighth Circuit explained:

> Sections 3742(a)(1) and (a)(2) of Title 18 of the United States Code are the basis for appellate review of a district court's sentencing decisions. These sections do not grant jurisdiction to review a final sentence. *See* S. Rep. No. 98-225, 98th Cong., 1st Sess. 149 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3332. The only reference to the district court in the sections relied upon directs that the notice of appeal must be filed in that court.

As the Eighth Circuit has held, 18 U.S.C. § 3742(a)(1) provides that a notice of appeal must be filed in the district court, but it does not grant jurisdiction to a district court to review a final sentence. LaFleur's sentence is undoubtedly final. *Id.*; 18 U.S.C. § 3582(b). Therefore, 18 U.S.C.

§ 3742(a)(1) does not grant this Court jurisdiction to review that sentence.  Because this Court has no jurisdiction to review LaFleur's sentence, LaFleur's motion is DENIED.  Document #31.

IT IS SO ORDERED this 19th day of March, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE